# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

MELISSA ANN MARVEL,    )
                                 )

Plaintiff,            )
                                 )

vs.                     )    CAUSE NO. 3:08-CV-133
                                 )

THOMAS M. COOLEY,     )
*et al.*,                )
                                 )

Defendants.        )

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion to Dismiss (DE #17) filed on May 21, 2008, by the Defendants, Elkhart County Prosecutor's Office, *et al.*; (2) Motion to Dismiss (DE #27) filed on July 23, 2008, by the Plaintiff, Melissa Ann Marvel; and (3) Motion to Revoke or Recsend (sic) Motion to Dismiss (DE #36) filed on November 18, 2008, by the Plaintiff, Melissa Ann Marvel. For the reasons set forth below, the Motion to Dismiss (DE #17) is **GRANTED**, the Motion to Dismiss (DE #27) is **DENIED AS MOOT**, and the Motion to Revoke or Recsend (sic) Motion to Dismiss (DE #36) is **GRANTED.** The Clerk's office is **ORDERED** to **DISMISS** the following Defendants from this case: the Elkhart County Prosecutor's Office, Attorney Curtis Hill, and Attorney Michael Cosentino.

Pro se Plaintiff, Melissa Ann Marvel ("Marvel"), filed this civil action against Defendants, Thomas M. Cooley, Dean Amy Timmer, and Dean Paul Zelenski (collectively "Cooley Defendants") and against the Elkhart County Prosecutor's Office, Attorney Curtis Hill, and Attorney Michael Cosentino (collectively "State Defendants"), on March 18, 2008. Among other general allegations, Marvel claims that all of the Defendants are responsible for the deprivation of her life, liberty and property rights protected by the Constitution's Fourteenth Amendment. In her complaint, Marvel states:

> That on/between 1986-2008, Defendants breached their duty by depriving or taking Plaintiff, MAM[1], of her property (Welfare entitlement Purple heart tuition exemption, cars bicycle, Native American Necklace, and Native American DNA) without due process of law clause to be free of prosecutorial vindictiveness or retaliation. (Comp. ¶ 27.)

Marvel also generally alleges that "as a direct and proximate result of Defendants, negligent breach of the above stated duties, Plaintiff suffered personal injuries including but not limited to past, present, and future pain and suffering, emotional distress, mental anguish, lost wages and medical expenses . . . ." (Comp. ¶ 29.)

---

[1] Throughout the complaint, Marvel refers to herself as MAM.

In May of 2008, the Cooley Defendants filed a Motion for Summary Judgment and Dismissal (DE #12) and the State Defendants filed a Motion to Dismiss (DE #17). While these motions were pending before this Court, Marvel filed her own Motion to Dismiss on July 23, 2008 (DE #27). The State Defendants notified the Court that they did not object to Marvel's Motion to Dismiss; however, the Cooley Defendants opposed Marvel's Motion for various reasons, including the fact that dismissal without prejudice would be inequitable or prejudicial to them. The Cooley Defendants provided a thorough brief pertaining to their opposition to Marvel's voluntary dismissal. On August 28, 2008, this Court issued an order taking Marvel's Motion to Dismiss under advisement (DE #35). Marvel was ordered to file her reply on or before September 15, 2008. Marvel did not do so.

On November 18, 2008, Marvel filed a Motion to Revoke or Recsend (sic) Plaintiff's Motion to Dismiss, which states, in its entirety:

> Plaintiff, MAM pro se moves this honorable court to REVOKE OR RESCSEND PLAINTIFF's MOTION to dismiss this complaint and proceed because one among many reasons MAM did not and does not know how to respond to courts order to respond to motion to dismiss.

As described above, the Cooley Defendants oppose Marvel's original Motion to Dismiss and, therefore, will not be prejudiced by the revocation. Additionally, because the State Defendants have moved for their own Motion to Dismiss, which is GRANTED pursuant to

-3-

this order, they will also not be prejudiced by allowing Marvel to revoke her original Motion to Dismiss. Therefore, the Court **GRANTS** Marvel's Motion to Revoke or Recsend (sic) Motion to Dismiss (DE #36) and **DENIES AS MOOT** her original Motion to Dismiss (DE #27).

Accordingly, the Court will address the merits of the State Defendants' Motion to Dismiss (DE #17).[2] In their Motion to Dismiss, the State Defendants argue that the factual allegations in Marvel's complaint are insufficient to provide notice of any claim against them upon which relief may be granted. (DE #17 ¶ 3.) In addition, the State Defendants argue that the Eleventh Amendment bars a suit for damages against the Elkhart County Prosecutor's Office and against Defendants Attorney Michael Cosentino and Attorney Curtis Hill in their official capacities. (DE #17 ¶ 4.) They also argue that Defendants Attorney Michael Cosentino and Attorney Curtis Hill are immune from being sued for damages in their individual capacities for any acts performed in furtherance of their prosecutorial duties (DE #17 ¶ 5), and they further assert that Marvel has alleged no viable claims against them individually. (DE #17 p. 5.) Finally, the State Defendants argue that Marvel's claims are barred by the statute of limitations.[3] (DE #17 ¶ 6.)

_____

[2] The pending Motion for Summary Judgment and Dismissal (DE #12) filed by the Cooley Defendants will be addressed by separate order.

[3] The Court need not address the State Defendants' argument that the statute of limitations bars Marvel's claims in this Order because Marvel's claims against the State Defendants are dismissed on other grounds. However, the Court notes that it does appear, based on facts stated outside the pleadings, that Marvel's claims are barred by the statute of limitations.

In her opposition to the State Defendants' Motion to Dismiss, Marvel argues, among various assertions, that "[n]otice is exception to 11th Amendment and prosecutorial immunity" and that "Defendants contracted or conspired together can not opt out after their part in the harassment they feel is over." (DE #24.)

FACTS

In her complaint, Marvel names the State Defendants as the Elkhart County Prosecutor's Office, Attorney Curtis Hill ("Defendant Hill"), & Attorney Michael Cosentino (misidentified by Marvel as Consentino) ("Defendant Cosentino"). Defendant Hill is the current elected prosecuting attorney of Elkhart County, Indiana, and Defendant Cosentino was his predecessor. (DE # 17.) Marvel makes various claims with regard to the loss of her personal property, but she does not assert that those losses are directly attributable to the State Defendants.[4] In December of 1986 Marvel was assaulted with "pre-meditated attempted murder and attempted rape". (Comp. ¶ 4.) It is not clear from the face of the complaint where the assault occurred. The alleged offenders were

---

[4] For example, Marvel claims that "in Nov. 1995, again MAM tried to avoid car accident and ran car into a home privacy fence in Lansing Michigan totaling mercury topaz which resulted in the third taking of MAM's personal property and put MAM's life in danger." (Comp. ¶ 12.) Additionally, Marvel claims that "in 2004-2007, MAM's personal property of a bicycle, Native American Necklace, and Native American DNA have been stolen and taken along with another car." (Comp. ¶ 20.) Even giving Marvel the benefit of all inferences to which she is entitled at the pleading stage, these allegations show no logical connection to the State Defendants.

never charged nor are they named as defendants in this action. (Comp. ¶ 4.) In August of 1987, Marvel attempted suicide, the circumstances of which allegedly put the police on notice of the criminal assault described above. (Comp. ¶ 5.) It is not clear from the face of the complaint which police department was supposed to be put on notice. In 1992, Marvel sought counseling from a mental health care provider named Sally McMann.[5] (Comp. ¶ 9.) With her consent, those counseling sessions were tape-recorded. (*Id*.) In 1994, Marvel was in a car accident, and an individual named Thomas Leatherman[6] ("Leatherman") handled her case as her criminal defense attorney. (Comp. ¶ 10.) In 1995, Marvel enrolled at Thomas M. Cooley for law school, and she participated in an externship program with Leatherman in January of 1998. (Comp. ¶¶ 11, 14.) During her externship, Marvel worked with Leatherman on a case involving parties named Ricky Joyner and Sandra Hernandez. (Comp. ¶ 14.)[7] The Elkhart County Prosecutor's Office and former prosecutor Defendant Cosentino were involved in the prosecution of the case, and according to Marvel, they used prosecutorial

---

[5] Sally McMann is not listed as a defendant in this action.

[6] Thomas Leatherman is not listed as a defendant in this action.

[7] According to the complaint, Sandra Hernandez was murdered. Marvel states, "[the] case was used against MAM arising prosecutorial vindictiveness in a retaliatory way against MAM to inflict emotional distress **via harassment with Sandra Hernandez being the sister of Mike Hernandez one of the 1986 assailants against MAM making her think her suicide attempt caused Sandra to be murdered and Judge Duffin comment regarding MAM's private conduct in the privacy of MAM's bedroom in Lansing Michigan which inflicted emotional distress.**") (Bold in original.)

vindictiveness in a retaliatory way to inflict intentional emotional distress upon her. (Comp. ¶ 14.) While Marvel herself was not prosecuted, the circumstances of the case apparently caused Marvel to think her 1986 suicide attempt was the reason for Sandra Hernandez's murder. (*Id.*)

In September of 1998, Marvel was committed to a mental hospital "via Elkhart County Prosecutorial vindictiveness or retaliatory action through Cooley's Dean Zelenski." (Comp. ¶ 15.) For the next several years, Marvel attempted to obtain her mental health records from her previous counseling sessions with Sally McMann, but she never received them. (Comp. ¶16.) From 1998 to the present, Marvel was "involuntarily, voluntarily, and coerced voluntarily, to confinement both mental and criminal out of Elkhart County and Cooley's prosecutorial vindictiveness or retaliation for the Dec. 1986 and Aug. 1987 assaults against MAM." (Comp. ¶ 17.)

From 1999-2003, the Cooley Defendants deprived Marvel of the Purple Heart tuition exemption to Indianapolis Law School "via Elkhart county and Cooley's prosecutorial vindictiveness and retaliatory action for Dec. 1986 and Aug. 1987 assault against MAM." (Comp. ¶ 18.)

In February of 2008, Marvel's property or entitlement to welfare was taken because "assistant group member (MAM) left home after Elkhart County prosecutors and Cooley retaliated and sent Nappanee Police down for neighbors alleged yelling in home and

intimidated MAM by stating MAM must take medicine and cannot raise voice." (Comp. ¶ 21.)

As a result of the circumstances described above, Marvel requests monetary damages against all of the Defendants to compensate her for her losses as well as all other relief just and proper. She has not sought specific injunctive relief in her complaint.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.,* 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that

"plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' " and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n. 3 (citation omitted). Nevertheless, a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at *1965* (2007)(citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (quotation marks omitted)).

<u>Failure to State a Claim</u>

In Count One, the only count of her complaint, Marvel describes the cause of action as "Negligence Per Se of United States Constitution Amendment 14th Due Process Clause prohibiting prosecutorial vindictiveness or retaliation."  The complaint does not identify any specific Section 1983 claims.  However, to the extent that Marvel is attempting to bring suit against the State Defendants under the Constitution's Fourteenth Amendment, the Court will construe her complaint as one asserting a claim against them under Title 42 U.S.C. Section 1983.

Title 42 U.S.C. Section 1983 creates a federal cause of action for the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States.  42 U.S.C. §1983; *Spiegel v. Rabinovitz*, 121 F.3d 251, 254 (7th Cir. 1997).  Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights conferred elsewhere.  *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997).  The initial step in any Section 1983 analysis is to identify the specific constitutional right which was allegedly violated.  *Graham v. Connor,* 490 U.S. 386, 394 (1989); *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994).

Once a violation is identified, the plaintiff must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Payton*

*v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999). "To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State ... or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor. [S]tate employment is generally sufficient to render the defendant a state actor." *West v. Atkins*, 487 U.S. at 49-50 (internal quotations and citations omitted).

In her complaint, Marvel alleges that the State Defendants breached the duty owed to her under the Fourteenth Amendment, by depriving her of her property ("Welfare entitlement Purple heart tuition exemption, cars bicycle, Native American Necklace, and Native American DNA") without due process of law via prosecutorial vindictiveness or retaliation. (Comp. ¶¶ 26-29.) She also alleges that as a result of the "negligent breach" of the above stated duties, she suffered "emotional distress, mental anguish, lost wages and medical expenses." (*Id.*) Also, Marvel makes several other vague allegations of prosecutorial vindictiveness throughout her complaint, although she does not allege that she was ever prosecuted by the State Defendants. Finally, in her Opposition to the Motion to Dismiss, Marvel references some kind of conspiracy, although she does not address the details of such conspiracy between the State Defendants and the Cooley Defendants other than

to allege that "[the] Externship contract between Cooley and Leatherman on Joyner Case [which was] presented by Defendants as stated in facts is not an inference it is a nexus of facts without detailed specificity that is to be liberally construed." (DE #23 p. 3.) Marvel does not mention a conspiracy on the face of the complaint.

The salient issue with respect to all of Marvel's claims against the State Defendants is whether Marvel has established violations of clearly established constitutional rights not barred by an immunity doctrine or other principles. For the reasons set forth below, the Court concludes that she has not.


Immunity

As an initial matter, the Court will address the State Defendants' argument that the Eleventh Amendment immunizes them from suit as an entity of the state and as prosecutors in their official capacities.[8] Indeed, to the extent that Marvel brings this action for monetary damages against an agency of the State of Indiana, or state employees in their official capacities, such claims must fail. The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan,* 415 U.S. 651, 662-63

_____

[8] Marvel does not state on the face of her complaint whether she is attempting to sue Defendant Cosentino and Defendant Hill in their individual capacities or in their official capacities. The Court will address both possibilities.

(1974); *see Ameritech Corp. v. McCann,* 297 F.3d 582, 586 (7th Cir.
2002). "All suits against a state or its agencies are barred by
the Eleventh Amendment unless the state consents to suit in federal
court or Congress uses its powers under the Fourteenth Amendment to
abrogate the state's Eleventh Amendment immunity." *Scott v.
O'Grady,* 975 F.2d 366, 369 (7th Cir.1992) (citations omitted).
The immunity conferred on a state by the Eleventh Amendment extends
to state agencies. *See, e.g., Puerto Rico Aqueduct & Sewer Auth.
v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993); *Kashani v.
Purdue Univ.,* 813 F.2d 843, 845 (7th Cir. 1987). District Courts
in Indiana have found that the office of the prosecutor is created
by the Indiana Constitution and is therefore considered an agency
of the State of Indiana. *See Range v. Brubaker,* 2008 WL 1818494,
*2-3 (N.D.Ind. Apr. 21, 2008); *Higdon v. Myers,* 2005 WL 1459511. *2
(N.D.Ind. June 20, 2005). Therefore, the claims against the
Elkhart County Prosecutor's Office are barred by the Eleventh
Amendment.

The immunity bar extends to suits for monetary damages[9]
against state officials sued in their official capacities. *See MSA*

---

[9] Marvel seeks monetary damages on the face of her complaint. In her
Opposition to State Defendants' Motion to Dismiss, Marvel states that she
"rebut...causing MAM (severe) emotional harm or distress. MAM preyed for all
other relief just and proper in the premises which I assumed included equitable
relief as well as monetary damages and any other damages entitled too." However,
she does not suggest any sort of injunctive relief that would be appropriate in
the circumstances, and the Court does not construe her complaint as one seeking
anything other than monetary damages.

*Realty Corp. v. State of Illinois,* 990 F.2d 288, 291 (7th Cir. 1993); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). With regard to prosecuting cases and the performance of prosecutorial duties, "because the office of the prosecutor is a creation of the Indiana Constitution, see Ind. Const. art. 7, § 16, and state statutes govern the prosecutor's duties and powers, prosecutors are protected by Eleventh Amendment immunity." *Latta v. Chapala*, 2005 WL 2786999, at *5 (N.D.Ind. Oct. 25, 2005) (*citing Srivastava v. Newman,* 12 Fed. Appx. 369, 371 (7th Cir. 2001); *Bibbs v. Newman,* 997 F.Supp. 1174, 1181 (S.D. Ind. 1998); *Study v. United States,* 782 F.Supp. 1293, 1297 (S.D.Ind. 1991)). Consequently, Defendant Hill and Defendant Cosentino, in their official capacities as current and former Elkhart County prosecutors, are immune from Marvel's claims for monetary damages.

Even if the Court were to construe the Elkhart County Prosecutor's Office as a local government entity, Marvel fails to state a claim under Section 1983 against the State Defendants. To state a Section 1983 cause of action against a local governmental entity, the complaint must allege that the entity had a policy or custom that caused the deprivation of her constitutional rights. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 692-693 (1978). Because suits against local government officials in their official capacities represent another way of pleading an action against the local government, the officials may

only be sued when the local government "would be suable in its own name." *Monell v. Dept. of Social Servs.*, 436 U.S. at 691, n.55. Marvel does not allege, nor is it reasonable to infer from her complaint, that there was a policy or custom of the Elkhart County Prosecutor's office that caused the deprivation of Marvel's constitutional rights; therefore Marvel states no viable claim under Section 1983 against the Elkhart County Prosecutor's Office or against Defendant Cosentino or Defendant Hill in their official capacities.

### Loss of Personal Property and Liberty

To the extent that Marvel is attempting to sue Defendant Cosentino and/or Defendant Hill in their individual capacities under the Fourteenth Amendment for the loss of her property, she has not stated facts that support a claim upon which relief can be granted. The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property without due process of law." However, the Due Process Clause is not implicated by a state official's negligent act. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Although the Court is unable to determine specifically what negligent acts she is referring to, Marvel scatters the phrase "negligence" throughout her complaint. Thus, the Court assumes that Marvel is suing Defendant Cosentino and Defendant Hill for some sort of negligent

acts associated with the loss of her property. In any event, "negligence states no claim upon which relief can be granted under § 1983" *Marvel v. Indiana Department of Veterans Affairs*, *et al.*, 2006 WL 3254547, *2 (N.D.Ind. Nov. 8, 2006).

Furthermore, Marvel has not plead sufficient facts to state a viable claim for deprivation of Marvel's property rights through the intentional acts of Defendant Hill or Defendant Cosentino. Defendant Hill is not named individually at all on the face of the complaint, and Defendant Cosentino is only named in connection with his work in prosecuting a 1998 murder case on which Marvel worked as an extern for an independent defense attorney. The facts surrounding her allegations of actual "deprivation" of her property (Welfare entitlement, Purple heart tuition exemption, cars, bicycle, Native American Necklace, and Native American DNA), do not serve to even tangentially connect Defendant Hill or Defendant Cosentino to such action. For example, Marvel claims that:

> [I]n 1994, on State Road 33 in Dunlap Eby Ford a Large truck rear-ended MAM's Mercury Topaz causing severe property damage to car and personal injury to MAM, but was told exrays' showed only swelling, Thomas Leatherman a criminal defense attorney handled the car case without litigation; This is second attempt to take personal property and put MAM's life in danger." (Comp. ¶ 10.)

In another paragraph, Marvel claims that "in 1999 MAM defaulted on Federal and Private student loans resulting in a deprivation of further use of Purple Heart tuition at state school to change professions as result the seventh property or entitlement taking."

(Comp. ¶ 19.)  Marvel also claims that her entitlement to welfare was taken "because assistant group member (MAM) left home after Elkhart County prosecutors and Cooley retaliated and sent Napanee Police down for neighbors alleged yelling in home and intimated MAM by stating MAM must take medicine and cannot raise voice."  Again, even giving Marvel the benefit of all inferences to which she is entitled to at this point, these facts do not create an inference that Defendant Cosentino or Defendant Hill were in any way responsible for a deprivation of Marvel's property interest.  To be liable under Section 1983, an individual must have caused or participated in a constitutional deprivation.  *See Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005).  While Marvel's claims purport to link the State Defendants to such takings through a broad allegation of "prosecutorial vindictiveness or retaliation," she does not allege any facts that would suggest that Defendant Cosentino or Defendant Hill caused or participated in her alleged deprivations.

Marvel also attempts to assert that the State Defendants deprived her of a liberty interest through involuntary confinements.  Marvel states that "MAM was involuntarily, voluntarily, and coerced voluntarily, to confinement both mental and criminal out of Elkhart County and Cooley's prosecutorial vindictiveness or retaliation for Dec. 1986 and Aug. 1987 assaults against MAM." (Comp. 17.)  The facts narrated in the complaint,

however, do not support a conclusion that the Defendant Cosentino or Defendant Hill were responsible in any way for depriving Marvel of a liberty interest. "A plaintiff cannot avoid dismissal simply by attaching bare legal conclusions to narrated facts that do not outline the basis of his claims." *Marvel v. Indiana Department of Veterans Affairs*, *et al.*, 2006 WL 3254547, *2 (N.D. Ind. Nov. 8, 2006) (dismissing Plaintiff's various claims of deprivation of life and liberty as frivolous) (*citing Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)).

Prosecutorial Vindictiveness and/or Conspiracy

As to her general assertions of prosecutorial vindictiveness or retaliation, Marvel does not state a claim upon which relief can be granted. In her complaint, she does not allege that she was ever prosecuted in any way by the State Defendants. Nor does she claim that the State Defendants ever brought charges against her. Rather, Marvel's claims of prosecutorial vindictiveness appear to center around her experiences working as a law student extern in 1998. Construing Marvel's claims generously, it appears that her work on the case as an extern caused her some kind of emotional harm. Marvel states:

> MAM was participating in Externship with
> Leatherman on Ricky Joyner v. Sandra Hernandez
> case, and the other counselors were Elkhart
> County prosecutors Michael Cosentino among
> others; case was used against MAM arising
> prosecutorial vindictiveness in a retaliatory

-18-

> way against MAM to inflict intentional
> emotional distress **via harassment with Sandra
> Hernandez being the sister of Mike Hernandez
> one of the 1986 assailants against MAM making
> her think her suicide attempt caused Sandra to
> be murdered and Judge Duffin comment regarding
> MAMs private conduct in the privacy of MAM's
> bedroom in Lansing Michigan.** (Bold in
> original.)

Even giving Marvel the benefit of all inferences to which she is entitled to at this stage, these general facts do not establish the basis for an inference leading to a viable claim of prosecutorial vindictiveness resulting in the deprivation of any constitutional right therein.[10]

Furthermore, to the extent that Marvel claims in her Opposition to State Defendants' Motion to Dismiss that there is some sort of conspiracy between the State Defendants and the Cooley Defendants, she provides no set of facts on the face of her complaint that would lead to an inference of such a conspiracy. The State Defendants are correct in their assertion that Marvel's repetitive claims of "prosecutorial vindictiveness" do not establish a reasonable inference that an agreement between the State Defendants and Cooley existed to deprive Marvel of any constitutional rights. Although Marvel states in her Opposition to

---

[10] In addition, as the State Defendants correctly point out, Defendant Cosentino and Defendant Hill are also absolutely immune from civil liability for prosecutorial acts they may have committed in initiating a prosecution or presenting the State's case with regard to the Ricky Joyner matter. Like judges, prosecutors have absolute immunity from civil suits under Section 1983 arising out of acts within their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

State Defendants' Motion to Dismiss that the "Externship contract between Cooley and Leatherman on Joyner case presented by Defendants . . . is a nexus of facts without detailed specificity that is to be liberally construed" and that "Defendants are aware of parties general purpose and approximate dates of agreement to form conspiracy," the Court finds no nexus of fact, and such claims are without merit.

Overall, not only does the Court find that the State Defendants are immune from suit under the shield of the Eleventh Amendment as a state agency and as prosecutors in their official capacities, but the Court also finds that Marvel's complaint fails to state a claim upon which relief can be granted in any capacity. "[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which a defendant is entitled." *Airborne Beepers & Video, Inc. V. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Despite a thorough examination of the facts as Marvel alleges them and an attempt to draw all reasonable inferences from those facts, the Court cannot establish any viable scenario that would serve to raise such claim above the speculative level described in *Twombly* or that would suggest violations of any clearly established constitutional right that is not barred by immunity or other principles.

<u>CONCLUSION</u>

For the above stated reasons, the Motion to Dismiss (DE #17) is **GRANTED**, the Motion to Dismiss (DE #27) is **DENIED AS MOOT**, and the Motion to Revoke or Recsend (sic) Motion to Dismiss (DE #36) is **GRANTED.** The Clerk's office is **ORDERED** to **DISMISS** the following Defendants: the Elkhart County Prosecutor's Office, Attorney Curtis Hill, and Attorney Michael Cosentino.

**DATED:  December 8, 2008**          **/s/RUDY LOZANO, Judge**
                                      **United States District Court**